RICHARD MCALLISTER

*v.*

H. J. HEINZ COMPANY et al.

[Decided October 17th, 1927.]

Where a deed conveying shore lands under water to a city contained a proviso that the land should be used solely for public park purposes, and that the view oceanward should remain unobstructed, this does not affect the right of an owner of a pier which existed before the conveyance to repair it, and injunctions to restrain the owner from repairing, and to restrain the city from permitting reparation were properly refused.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *98 N. J. Eq. 559.*

*Messrs. Babcock & Champion,* for the appellant.

*Mr. Robert H. McCarter* and *Mr. Joseph B. Perskie,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The defendant corporation is the owner of a pier in the city of Atlantic City, extending from the oceanward edge of the boardwalk some six hundred feet into the ocean. In August, 1924, a portion thereof was destroyed by a vessel being driven against it during a storm. The Heinz company thereupon started to restore the destroyed portion of its pier, and the present bill was then filed by McAllister, seeking an injunction against it restraining it from continuing the work of reparation, or restoration, and prohibiting it from using the pier to any extent for commercial purposes. The complainant also asks an injunction against Atlantic City restraining it from permitting the reparation of the pier. Upon final hearing the bill was dismissed, and the present appeal challenges the propriety of that dismissal.

The material facts disclosed at the hearing were as follows: The pier in question was built by the Heinz company in 1886. At that time two pavilions and other structures were erected upon it, and from that day to the time of the filing of the bill no change of any kind was made in its character, the buildings then constructed remaining in their original condition, and no other buildings having since been erected upon it. From the time of its construction until the present the public have had free access to it. They are furnished with seats, chairs and benches and reading matter, and are practically permitted to do whatever they choose while on the pier. The company exhibits and advertises the

fifty-seven varieties of its products, and has done so since the pier was originally completed. In December, 1902, the complainant, McAllister, became the owner as tenant in common of an undivided one-half interest in a tract of land bordering upon the Atlantic ocean. The land acquired by McAllister and his co-tenant included not only the upland, but the land under water extending to the exterior line as then established by the riparian commission. A part of this land under water so acquired by McAllister was occupied by the Heinz pier, and, upon this fact being established in 1904, the Heinz company rented that portion of the land occupied by it from McAllister and his co-tenant, and continued to use and enjoy the same as such tenant until some time in the year 1907, when McAllister and his co-tenant conveyed a strip of the upland bounding on the Atlantic ocean, together with the land under water in front thereof, to the city of Atlantic City for park purposes, as did a large number of other owners having land abutting on the ocean. This park easement deed, as similar deeds are locally designated, contained a proviso that the land should be used by the city as a public park, or place of resort and recreation, and should forever be and remain open, so that the view oceanward from the boardwalk (the construction of which the deed contemplated) should be free, open and unobstructed. This deed embraced so much of the land to McAllister and his co-tenant as was occupied by the Heinz pier, and, after its execution, the owner of the pier refused to pay rent any further, basing its refusal upon the fact that McAllister and his associate no longer were the owners of that land, but that the title thereto was vested in the city.

The basis upon which the complainant rests his claim to be entitled to the relief prayed for is that, from the time of the execution of the park easement deed, the user of the pier for commercial purposes and the maintenance of the structures which I have mentioned upon the pier were in violation of the provision of that deed; that the restrictions contained in that instrument are binding upon the Heinz company, and that the action of the municipality in permitting the pier to be restored to its original condition is in violation

of the obligation which it assumed by accepting the conveyance.

The question of the effect of park easement deeds, similar to that now before us, upon the rights of pier owners in Atlantic City, whose piers were constructed prior to the execution of those deeds and thereafter remained in the same condition as they were at the time of the conveyances to the city, is not one of novel impression in this court. In *White* v. *Young's Pier and Hotel Co., 79 N. J. Eq. 598,* the complainant filed a bill to enjoin the pier owner from making alterations in the internal arrangement of a structure already existing upon its pier and from conducting a mercantile business therein, the claim being that the proposed action of the pier owner was in violation of the restrictive covenants contained in the boardwalk easement deed, which prohibited the placing or erecting of any building or structure on the ocean side of the boardwalk. This court held that neither the internal alteration of an existing structure thereon and its subdivision into shops by means of partitions, nor the continuance of the sale of commodities thereon, were violative of the restrictions contained in the deed. In the earlier case of *Atlantic City* v. *Young & McShea Amusement Co., 63 N. J. Eq. 831,* it was held that a deed somewhat similar to that involved in the present controversy did not impair or affect the rights of the owners in a pre-existing pier, and that their right of user in such pier was as full and untrammeled after the execution of such deed as it had been prior thereto.

These cases are controlling so far as the right of the owner to continue the use of a pier which had been built before the execution of the park easement deed is concerned. The logic of the former case is dispositive, we think, of the question of the right of the pier owner to maintain and keep in repair the building which existed upon his pier prior to the making of the conveyance to the municipality, and, by necessary inference, of his right to maintain and keep in repair the pier itself.

50

For the reasons indicated, the decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.